**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **DONNA PIEBER, on behalf of herself and all others similarly situated,**<br><br>     **Plaintiff,**<br> v.<br><br>**SVS VISION, INC.,**<br><br>     **Defendant.** | **COLLECTIVE ACTION COMPLAINT** |

Plaintiff Donna Pieber ("Plaintiff"), individually and on behalf of all others similarly situated, by her attorneys, Pitt, McGehee, Palmer, Bonanni & Rivers, P.C., and Shavitz Law Group, P.A., upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who have worked as Retail Office Managers ("ROMs") for SVS Vision, Inc. ("SVS" or "Defendant") anywhere in the United States.

2. Plaintiff brings this action to recover unpaid overtime compensation for herself and similarly situated ROMs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

3. SVS operates approximately eighty (80) store locations in nine (9) states: Michigan, Ohio, Indiana, Illinois, Kansas, Kentucky, Missouri, New York, and Georgia. https://www.svsvision.com/contact/?state=all (last viewed November 16, 2020).

4. SVS classifies its ROMs as exempt from the overtime pay requirements under the FLSA and equivalent state laws.

5. SVS does not pay Plaintiff and other ROMs wages for any overtime hours worked.

6. SVS' policy and practice directly contravenes the requirements of the FLSA because Plaintiff and similarly situated ROMs' primary job duties are non-exempt, and include answering phones, setting appointments, verifying insurance, dispensing glasses and customer service.

7. SVS's policy and practice also is illegal under the FLSA.

8. SVS applies the same scheme to its ROMs nationwide.

## THE PARTIES

*Plaintiff Donna Pieber*

9. Plaintiff Donna Pieber is an adult individual who is a resident of High Ridge, Missouri.

10. Pieber was employed by SVS as an exempt-classified ROM in a SVS retail store in Florissant, Missouri from approximately September 2016 to February 2018.

11. As an AM, Pieber frequently worked more than 40 hours per week. Pieber and other ROMs worked at least 50 hours per week.

12. Pursuant to SVS' policy and practice, as a ROM, Pieber was not paid an overtime premium for any overtime hours that he worked.

13. Pieber is a covered employee within the meaning of the FLSA.

14. A written consent form signed by Pieber is attached hereto as **Exhibit A**.

*Defendant SVS Vision, Inc.*

15. SVS is a Michigan corporation with its principal place of business in Mt. Clemens, Michigan.

16. SVS is a covered employer within the meaning of the FLSA

17. At all times relevant, SVS maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

18. SVS applies the same employment policies, practices, and procedures to all ROMs at all SVS stores, including policies, practices, and procedures with respect to compensation.

19. At all times relevant, SVS' annual gross volume of sales made or business done was not less than $500,000.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

21. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

23. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendant is subject to personal jurisdiction in Michigan.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who worked as ROMs at SVS stores nationwide on or after April 15, 2016[1] ("the Relevant Period"), who elect to opt-in to this action (the "FLSA Collective").

25. Plaintiff and ROMs routinely work more than 40 hours per week.

---

[1] The parties entered into a Tolling Agreement effective April 15, 2019 on behalf of the putative class of ROMs. The Tolling Agreement was canceled on October 26, 2020, and the cancellation became effective on November 5, 2020.

26. Defendant is liable under the FLSA for, *inter alia,* failing to properly compensate Plaintiff and other similarly situated ROMs and for misclassifying them as exempt from the FLSA's overtime pay requirements.

27. Pursuant to Defendant's policies, directives, and procedures, Plaintiff and ROMs primarily performed non-exempt job duties including answering phones, setting appointments, verifying insurance, dispensing glasses and customer service.

28. Consistent with Defendant's policy and pattern or practice and pursuant to a corporate policy to minimize labor expenses and increase corporate profits, Plaintiff and the members of the FLSA Collective were not paid an overtime premium for all hours worked above 40 hours in a workweek.

29. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

    (a) willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and

    (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

31. Defendant is aware or should have been aware that federal law required it to pay Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 hours per workweek.

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

33. There are many similarly situated current and former ROMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

34. Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

35. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

## FIRST CAUSE OF ACTION
### Fair Labor Standards Act: Overtime Wages
(Brought on behalf of Plaintiff Pieber and the FLSA Collective)

36. Plaintiff Pieber realleges and incorporates by reference all allegations in all preceding paragraphs.

37. Plaintiff and the FLSA Collective worked for Defendant as ROMs.

38. Defendant classified Plaintiff and the FLSA Collective as exempt workers.

39. Defendant's policy and practice was that Plaintiff and the FLSA Collective were expected to work more than 40 hours per week.

40. Defendant was aware that Plaintiff and the FLSA Collective worked more than 40 hours per workweek, yet Defendant failed to pay them an overtime premium for any of the hours worked over 40 in a workweek.

41. Plaintiff and the FLSA Collective primarily performed non-exempt job duties and should have been paid overtime wages for overtime hours worked.

42. Upon information and belief, Defendant did not properly inquire into whether Plaintiff and ROMs were properly classified as exempt from the overtime pay requirements of the FLSA.

43. Defendant's refusal to pay Plaintiff and similarly situated ROMs overtime wages was pursuant to a corporate policy to minimize labor expenses.

44. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

45. At all relevant times, Plaintiff Pieber and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

46. At all relevant times, Defendant employed Plaintiff Pieber and the FLSA Collective.

47. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

48. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

49. At all relevant times, Plaintiff Pieber and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

50. Defendant failed to pay Plaintiff Pieber and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

51. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Pieber and other similarly situated current and former employees.

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

53.     As a result of Defendant's willful violations of the FLSA, Plaintiff Pieber and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

54.     As a result of the unlawful acts of Defendant, Plaintiff Pieber and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the FLSA Collective, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all ROMs and similarly situated employees who were employed by Defendant during the Relevant Period.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Issuance of a declaratory judgment that the practices complained of in this Collective Action Complaint are unlawful;

D.     Pre-judgment interest and post-judgment interest;

E.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

F.   A reasonable incentive award for Plaintiff to compensate her for the time and effort she has spent and will spend protecting the interests of other ROMs, and the risks she is undertaking;

G.   Reasonable attorneys' fees and costs of the action; and

H.   Such other relief as this Court shall deem just and proper.

## JURY DEMAND

Plaintiff requests a trial by jury of the within cause of action.

    Respectfully submitted,

By: */s/ Megan A. Bonanni*
Megan A. Bonanni
**PITT, MCGEHEE, PALMER, BONANNI & RIVERS, P.C.**
117 West 4th Street Suite 200
Royal Oak, MI 48067
Telephone: (248) 939-5081
mbonanni@pittlawpc.com

**SHAVITZ LAW GROUP, P.A.**
Gregg I. Shavitz*
Camar R. Jones*
951 Yamato Road, Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
gshavitz@shavitzlaw.com
tgivens@shavitzlaw.com

*Attorneys for Plaintiff and the Putative Class and Collective*

* *Pro hac vice* application forthcoming

Dated:  November 16, 2020