**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| **DONNA PIEBER, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br>**v.**<br><br>**SVS VISION, INC.,**<br><br>**Defendant.** | **Case No. 2:20-cv-13051-LVP-CI** |

**DEFENDANT SVS VISION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, SVS VISION, INC. ("SVS" or "Defendant"), submits its Answer to the Complaint filed by Plaintiff, DONNA PIEBER ("Plaintiff"), states as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and her similarly situated co-workers who have worked as Retail Office Managers ("ROMs") for SVS Vision, Inc. ("SVS" or "Defendant") anywhere in the United States.

**ANSWER: Paragraph 1 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 1 of Plaintiff's Complaint at Law.**

2. Plaintiff brings this action to recover unpaid overtime compensation for herself and similarly situated ROMs as a collective action under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA").

**ANSWER: Paragraph 2 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 2 of Plaintiff's Complaint at Law.**

3. SVS operates approximately eighty (80) store locations in nine (9) states: Michigan, Ohio, Indiana, Illinois, Kansas, Kentucky, Missouri, New York, and Georgia. https://www.svsvision.com/contact/?state=all (last viewed November 16, 2020).

**ANSWER: This Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint at Law.**

4. SVS classifies its ROMs as exempt from the overtime pay requirements under the FLSA and equivalent state laws.

**ANSWER: This Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint at Law.**

5. SVS does not pay Plaintiff and other ROMs wages for any overtime hours worked.

**ANSWER: Defendant admits that Plaintiff and other ROMS do not receive "time and a half pay" for hours worked in excess of 40 hours in a work week, and it further admits that Plaintiff and other ROMS receive compensation for all hours worked in the form a yearly salary and the potential for bonus compensation. Defendant denies Plaintiff and other ROMS were not properly compensated for all time worked.**

6. SVS' policy and practice directly contravenes the requirements of the FLSA because Plaintiff and similarly situated ROMs' primary job duties are non-exempt, and include answering phones, setting appointments, verifying insurance, dispensing glasses and customer service.

**ANSWER: This Defendant denies those allegations contained in paragraph 6 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

7. SVS's policy and practice also is illegal under the FLSA.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 7 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

8. SVS applies the same scheme to its ROMs nationwide.

**<u>ANSWER</u>: This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint at Law.**

**<u>THE PARTIES</u>**

***Plaintiff Donna Pieber***

9. Plaintiff Donna Pieber is an adult individual who is a resident of High Ridge, Missouri.

**<u>ANSWER</u>: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of Plaintiff's Complaint at Law and, therefore, does not presently admit or deny those allegations.**

10. Pieber was employed by SVS as an exempt-classified ROM in a SVS retail store in Florissant, Missouri from approximately September 2016 to February 2018.

**<u>ANSWER</u>: This Defendant admits the allegations contained in paragraph 10 of Plaintiff's Complaint at Law.**

11. As an ROM, Pieber frequently worked more than 40 hours per week. Pieber and other ROMs worked at least 50 hours per week.

**<u>ANSWER</u>: This Defendant admits only that Pieber and other ROMS frequently worked more than 40 hours per week, and denies the remaining allegations contained in paragraph 11 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

12. Pursuant to SVS' policy and practice, as a ROM, Pieber was not paid an overtime premium for any overtime hours that he worked.

**<u>ANSWER</u>: Defendant admits that Plaintiff and other ROMS do not receive "time and a half pay" for hours worked in excess of 40 hours in a work week, and it further admits that Plaintiff and other ROMS receive compensation for all hours worked in the form a yearly salary and the potential for bonus compensation. Defendant denies Plaintiff and other ROMS were not properly compensated for all time worked.**

13. Pieber is a covered employee within the meaning of the FLSA.

**<u>ANSWER</u>: Paragraph 13 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint at Law.**

14. A written consent form signed by Pieber is attached hereto as **Exhibit A**. ***Defendant SVS Vision, Inc.***

**<u>ANSWER</u>: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of Plaintiff's Complaint at Law and, therefore, does not presently admit or deny those allegations.**

15. SVS is a Michigan corporation with its principal place of business in Mt. Clemens, Michigan.

**<u>ANSWER</u>: This Defendant admits only that it is a Delaware corporation with its headquarters located in Mt. Clemens, Michigan. This Defendant denies the remaining allegations contained in paragraph 15 of Plaintiff's Complaint at Law.**

16. SVS is a covered employer within the meaning of the FLSA.

**<u>ANSWER</u>: Paragraph 16 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint at Law.**

17. At all times relevant, SVS maintained control, oversight, and direction over Plaintiff and similarly situated employees, including with respect to the compensation, timekeeping, payroll, and other employment practices that applied to them.

**<u>ANSWER</u>: This Defendant admits the allegations contained in paragraph 17 of Plaintiff's Complaint at Law.**

18. SVS applies the same employment policies, practices, and procedures to all ROMs at all SVS stores, including policies, practices, and procedures with respect to compensation.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 18 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

19. At all times relevant, SVS' annual gross volume of sales made or business done was not less than $500,000.

**<u>ANSWER</u>: This Defendant admits the allegations contained in paragraph 19 of Plaintiff's Complaint at Law.**

**<u>JURISDICTION AND VENUE</u>**

20. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337.

**<u>ANSWER</u>: Paragraph 20 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint at Law.**

21. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

**<u>ANSWER</u>: Paragraph 21 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint at Law.**

22. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

**<u>ANSWER</u>: Paragraph 22 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint at Law.**

23. Venue is proper in this Court, pursuant to 28 U.S.C. § 1391, because Defendant operates there, and a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendant is subject to personal jurisdiction in Michigan.

**<u>ANSWER</u>: Paragraph 23 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint at Law.**

**<u>COLLECTIVE ACTION ALLEGATIONS</u>**

24. Plaintiff brings this action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of herself and all similarly situated persons who worked as ROMs at SVS stores nationwide on or after April 15, 2016[1] ("the Relevant Period"), who elect to opt-in to this action (the "FLSA Collective").

**<u>ANSWER</u>: Paragraph 24 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint at Law.**

25. Plaintiff and ROMs routinely work more than 40 hours per week.

[1]The parties entered into a Tolling Agreement effective April 15, 2019 on behalf of the putative class of ROMs. The Tolling Agreement was canceled on October 26, 2020, and the cancellation became effective on November 5, 2020.

**ANSWER: This Defendant denies those allegations contained in paragraph 25 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

26. Defendant is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiff and other similarly situated ROMs and for misclassifying them as exempt from the FLSA's overtime pay requirements.

**ANSWER: Paragraph 26 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint at Law.**

27. Pursuant to Defendant's policies, directives, and procedures, Plaintiff and ROMs primarily performed non-exempt job duties including answering phones, setting appointments, verifying insurance, dispensing glasses and customer service.

**ANSWER: This Defendant denies those allegations contained in paragraph 27 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

28. Consistent with Defendant's policy and pattern or practice and pursuant to a corporate policy to minimize labor expenses and increase corporate profits, Plaintiff and the members of the FLSA Collective were not paid an overtime premium for all hours worked above 40 hours in a workweek.

**ANSWER: This Defendant denies those allegations contained in paragraph 28 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

29. All of the work that Plaintiff and the members of the FLSA Collective have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and the FLSA Collective have performed.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of Plaintiff's Complaint at Law and, therefore, does not presently admit or deny those allegations.**

30. As part of its regular business practice, Defendant has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the members of FLSA Collective. This policy and pattern or practice includes, but is not limited to:

(a) willfully failing to pay Plaintiff and the members of the FLSA Collective overtime wages for all hours that they worked in excess of 40 hours per workweek; and

(b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendant.

**ANSWER: This Defendant denies each and every allegation contained in paragraph 30 of Plaintiff's Complaint at Law including, but not limited to, subparagraphs (a) through (b) thereof, and each of them, and further denies that it was guilty of any of the acts or omissions alleged against it therein.**

31. Defendant is aware or should have been aware that federal law required it to pay

Plaintiff and members of the FLSA Collective an overtime premium for all hours worked in excess of 40 hours per workweek.

**<u>ANSWER</u>: Paragraph 31 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 31 of Plaintiff's Complaint at Law.**

32. Defendant's unlawful conduct has been widespread, repeated, and consistent.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 32 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

33. There are many similarly situated current and former ROMs who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 33 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

34. Similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

**<u>ANSWER</u>: This Defendant admits the allegations contained in paragraph 34 of Plaintiff's Complaint at Law.**

35. Notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

**<u>ANSWER</u>: Paragraph 35 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint at Law.**

**<u>FIRST CAUSE OF ACTION</u>**

**Fair Labor Standards Act: Overtime Wages**

**(Brought on behalf of Plaintiff Pieber and the FLSA Collective)**

36. Plaintiff Pieber realleges and incorporates by reference all allegations in all preceding paragraphs.

**ANSWER: Defendant restates its answers and responses to the allegations in all preceding paragraphs as though fully stated herein.**

37. Plaintiff and the FLSA Collective worked for Defendant as ROMs.

**ANSWER: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of Plaintiff's Complaint at Law and, therefore, does not presently admit or deny those allegations.**

38. Defendant classified Plaintiff and the FLSA Collective as exempt workers.

**ANSWER: This Defendant admits the allegations contained in paragraph 38 of Plaintiff's Complaint at Law.**

39. Defendant's policy and practice was that Plaintiff and the FLSA Collective were expected to work more than 40 hours per week.

**ANSWER: Defendant admits only that Plaintiff and others similarly situated would work a 40 hour work week and at times their job duties would require them to work more than 40 hours in a given work week. Defendant denies all remaining allegations within this paragraph.**

40. Defendant was aware that Plaintiff and the FLSA Collective worked more than 40 hours per workweek, yet Defendant failed to pay them an overtime premium for any of the hours worked over 40 in a workweek.

**ANSWER: This Defendant denies those allegations contained in paragraph 40 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

41. Plaintiff and the FLSA Collective primarily performed non-exempt job duties and should have been paid overtime wages for overtime hours worked.

**ANSWER: This Defendant denies those allegations contained in paragraph 41 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

42. Upon information and belief, Defendant did not properly inquire into whether Plaintiff and ROMs were properly classified as exempt from the overtime pay requirements of the FLSA.

**ANSWER: This Defendant denies those allegations contained in paragraph 42 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

43. Defendant's refusal to pay Plaintiff and similarly situated ROMs overtime wages was pursuant to a corporate policy to minimize labor expenses.

**ANSWER: This Defendant denies those allegations contained in paragraph 43 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

44. Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

**ANSWER: This Defendant denies those allegations contained in paragraph 44 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

45. At all relevant times, Plaintiff Pieber and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**ANSWER: Paragraph 45 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 45 of Plaintiff's Complaint at Law.**

46. At all relevant times, Defendant employed Plaintiff Pieber and the FLSA Collective.

**<u>ANSWER</u>: This Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of Plaintiff's Complaint at Law and, therefore, does not presently admit or deny those allegations.**

47. The overtime wage provisions set forth in §§ 201 *et seq.* of the FLSA apply to Defendant.

**<u>ANSWER</u>: Paragraph 47 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint at Law.**

48. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

**<u>ANSWER</u>: Paragraph 48 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint at Law**

49. At all relevant times, Plaintiff Pieber and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

**<u>ANSWER</u>: Paragraph 49 of Plaintiff's Complaint states legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations contained in paragraph 49 of Plaintiff's Complaint at Law.**

50. Defendant failed to pay Plaintiff Pieber and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 50 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

51. Defendant's violations of the FLSA have been willful and intentional. Defendant failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff Pieber and other similarly situated current and former employees.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 51 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

52. Because Defendant's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 52 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

53. As a result of Defendant's willful violations of the FLSA, Plaintiff Pieber and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et seq*.

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 53 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

54. As a result of the unlawful acts of Defendant, Plaintiff Pieber and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

**<u>ANSWER</u>: This Defendant denies those allegations contained in paragraph 54 of Plaintiff's Complaint that may be or are construed to be directed against this Defendant.**

**PRAYER FOR RELIEF**

**WHEREFORE, this Defendant denies Plaintiff or any other person is entitled to any relief from this Defendant whatsoever.**

## AFFIRMATIVE DEFENSES

Without admitting, acknowledging, or assuming any burden of proof that Defendant, SVS VISION, INC. ("Defendant") would not other bear under law, and reserving the right to assert additional affirmative defenses or matters in avoidance after discovery progresses in this case, Defendant hereby asserts the following Affirmative Defense to the Complaint (the "Complaint") filed by Plaintiff, DONNA PIEBER ("Plaintiff"), and states as follows:

### First Affirmative Defense

Defendant asserts that, upon information and belief, Plaintiff failed to file the Complaint before the expiration of the applicable limitations period or "statute of limitations" for some or all of the claims raised in the Complaint.

### Second Affirmative Defense

Defendant asserts that at all relevant times it acted in good faith when determining how to classify its employees as exempt from the FLSA, and any alleged act or omission giving rise to Plaintiff's cause of action was in good faith and that Defendant had reasonable grounds for believing that his act or omission was not a violation of the FLSA. Specifically, Defendant asserts that it performed substantial due diligence investigation and legal assessment in evaluating whether Plaintiff and/or other employees are properly classified as exempt employees under the FLSA's overtime requirements.

**Third Affirmative Defense**

Defendant asserts that numerous ROMs are not proper plaintiffs to this action—i.e. they do not have standing to sue SVS in this action—as they executed valid agreements with this Defendant, acting as their employer, which include alternative dispute resolution provisions and procedures for any claims involving compensation, wages, salaries, and/or overtime. Further, each of the employee agreements with ROMS contained class action waivers and mandatory arbitration provisions.

Dated this 28th day of January, 2021

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: /s/ James B. Hiller _
James B. Hiller - MI Bar #P82636
*Attorneys for Defendant SVS Vision, Inc.*
One North Franklin, Suite 800
Chicago, IL 60606
Tel: (312) 980-6773
Fax: (312) 565-6511
jhiller@grsm.com