**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

---------------------------------------------------------------X
DONNA PIEBER, on behalf of herself and
all others similarly situated,

                Plaintiffs,

           -against-

SVS VISION, INC.

                Defendant.
---------------------------------------------------------------X

**Case No.: 20-cv-13051-LVP-CI**

**DECLARATION OF MEGAN BONANNI IN SUPPORT OF**
**MOTION TO APPROVE SETTLEMENT**

I, Megan Bonanni, declare as follows:

1. I am an equity partner of the law firm of Pitt McGehee Palmer Bonanni & Rivers, P.C. ("Pitt McGehee"), Plaintiffs' counsel herein. Pitt McGehee is an 8-attorney firm based in Royal Oak, Michigan, the largest firm in Michigan exclusively representing workers as plaintiffs in employment-related matters, including claims based upon individual and class-wide violations of state and federal wage and hour laws.

2. Along with lawyers from Shavitz Law Group, PC, I am one of the lawyers responsible for prosecuting Plaintiffs' claims and negotiating this settlement.

3. I make these statements based on personal knowledge and would so testify if called as a witness.

**Firm Background**

4. Pitt McGehee has tremendous experience prosecuting class actions, including wage and hour class and collective actions such as this one.

5. Since its inception in 1992, the firm has represented employees in class actions, including claims of unpaid overtime and minimum wage claims in both individual cases and collective & class actions in Michigan and across the United States. The firm is highly experienced in class action litigation.

6. I am licensed to practice in Michigan and have been so since 1994. I have served as lead class counsel and various leadership co-counsel roles in numerous matters involving federal litigation. Approximately 75% of my practice consists of civil rights class actions, including FLSA collective actions. The remaining 25% of my practice centers on individual civil rights cases. My bio is attached to this brief as **Exhibit 1.**

7. Courts have repeatedly found me and other members of my firm Pitt McGehee to be adequate class counsel in class actions and wage and hour class actions.

8. I continue to be appointed as class counsel or co-class counsel in numerous class and collective actions on the basis of my experience as an employment lawyer:

*Joyella vs. Angel Healthcare Private Duty Nursing*, U.S. District Court for the Eastern District of Michigan, No. 10 Civ. 13362

*Chris Wright vs. Flagstar Bank FSB,* U.S. District Court for the Eastern District of Michigan, No. 13 Civ. 15069

*Neal vs. Michigan Department of Corrections*, Washtenaw County Circuit Court, Case No. 96-6986-CZ

*Cunningham vs. Electronic Data Systems Corp.*, S.D.N.Y, Case No. 06 Civ. 3530

*Steavens vs. Electronic Data System Corp.*, S.D.N.Y., Case No. 08 Civ. 10409

*Gilford vs. Detroit Edison*, Wayne County Circuit Court, Case Nos. 93-333296-NO, 97-706639-NO

*Jane Does 1-3 vs. The Coliseum,* U.S. District Court for the Eastern District of Michigan, No. 13 Civ. 14492

*Applebaum vs. MGM Grand Detroit, LLC*, U.S. District Court for the Eastern District of Michigan, No. 14 Civ. 13005

*Dallas vs. Alcatel-Lucent*, U.S. District Court for the Eastern District of Michigan, No. 09-14596

*Jones et al. vs. The Goodyear Tire & Rubber Co.*, Court of Common Pleas Ohio, Case No. CV-2002-09-5090

*Halabicky, et al vs. University of Michigan*, U.S. District Court for the Eastern District of Michigan, No. 08 Civ. 10065

*Thompson vs. City of Flint*, U.S. District Court for the Eastern District of Michigan, No. 07 Civ. 11107

*Aleobua v. Micholding, Inc.*, U.S. District Court for the Eastern District of Michigan, No. 14 Civ. 12932

*Sisman v. Dearborn Avenue Bistro, Inc. et al*, U.S. District Court for the Eastern District of Michigan, No. 15 Civ. 10772

*Hoffman et al v Dearborn Avenue Bistro, Inc. et al*, U.S. District Court for the Eastern District of Michigan, No. 15 Civ. 10771

*Stacy Allen et al v. Talmer Bancorp, Inc. and Talmer Bank & Trust*, Oakland County Circuit Court, Case No. 16-154136 CZ

*Kelli Franklin et al v. United Towing et al,* U.S. District Court for the Eastern District of Michigan, No. 14-cv-14801

*Jose Tapia v. Los Galanes et al,* U.S. District Court for the Eastern District of Michigan, No. 16-cv-14432

*Dale Copher et al v. Motor City Auto Transport, Inc. et al*, Macomb County Circuit Court, Case No. 15-2500-CK

*Harold Siegel et al v. Ford Motor Company*, Wayne County Circuit Court, Case No. 01-102583-CL

*Jane Does et al v. Déjà vu Services et al*, U.S. District Court for the Eastern District of Michigan, No. 16-10877

*Wood et al v. Sundance,* U.S. District Court for the Eastern District of Michigan 16-cv-13598

9. I have reviewed time and expense records in this case, and I am fully aware of the hours worked on this litigation and money spent on costs and expenses in this litigation over the past year.

10. Pitt McGehee initially performed services in connection with this matter in 2021. Since that time, I have been responsible for both performing and coordinating the legal work conducted by Pitt McGehee in connection with this lawsuit.

11. In my professional experience as a class action attorney and FLSA collective action attorney, this settlement represents a fair compromise of a contested class claim and represents an arm's length negotiated settlement that should be approved by this Court.

12. I have reviewed Pitt McGehee's itemized attorney time, hourly rates, and expenses. I personally know of the experience of the attorneys from Pitt McGehee who also performed services in this matter. I personally know that the services set forth in Plaintiffs' Unopposed Motion to Approve Settlement were necessarily incurred in the action, and were actually performed by myself, other attorneys, and/or our staff.

13. As of September 23, 2021, Pitt McGehee has spent 25 hours litigating the claims and its total lodestar is $15,000.00. The chart below contains a breakdown of hours worked by each timekeeper including their hourly rates:

| Timekeeper | Hours | Rate | Total |
|---|---|---|---|
| Megan Bonanni, Esq. Partner | 25 | $600 | $15,000.00 |
| TOTAL | | | |

14. All this time was spent in the exercise of reasonable judgment by the lawyers

and staff involved.

15. Based on my personal experience, the fees requested for the legal services rendered in this action reflects the reasonable value of those services in light of the nature of the case, the result obtained, the quality of representation, the risks of the litigation, the customary fee, and other applicable considerations as set forth by the law.

16. In recent FLSA collective actions approved by the Court where I was lead or co-counsel, the effective hourly rate in all of these cases was in excess of $600 per hour. See *Hoffman et al v Dearborn Avenue Bistro, Inc. et al*, U.S. District Court for the Eastern District of Michigan, No. 15-10771, *Patrick Humana et al v. Comerica Bank et al*, Oakland County Circuit Court, Case No. 16-154794 CZ, *Stacy Allen et al v. Talmer Bancorp, Inc. and Talmer Bank & Trust*, Oakland County Circuit Court, Case No. 16-154136 CZ, and *Stephanie Sarnecki et al v. Divinity Home Care et al*, U.S. District Court for the Eastern District of Michigan, Case No.16-11098.

17. I am familiar with rates customarily charged in Michigan, Detroit, and the national legal market for FLSA litigation. The rates charged by my firm for my services and those of senior partners and associates are, on the whole, equal to or lower than prevailing rates charged for equivalent services by attorneys of similar skill, experience, and reputation.

18. More recent annual surveys of litigation rates actually being paid, and court orders of fees actually awarded as reasonable confirm the reasonableness of the requested rates being approved in this motion. The 2011 National Law Journal reports partner rates in Detroit as between $600-$700. These rates have also been approved in other recent employment cases. *See Gilster v. Primebank*, 884 F. Supp. 2d 811, 872 (N.D. Iowa 2012) (referencing partner rates up to $750/hr as reasonable).

19. All of Plaintiffs' Counsel's hourly rates are well within the range, or substantially less, than the ordinary fees awarded to attorneys in their respective geographic areas with similar skill, experience, and reputation as that of Plaintiffs' counsel.

20. In submitting the requests for fees I have reviewed the applicable factors and tests and believe that all of the factors support Plaintiffs' application for the requested attorneys' fees and costs.

21. As described above, the value of the benefit rendered to the Plaintiffs is in line with or exceeds what would be expected in FLSA cases with similar facts and represents actual and real monetary compensation to the class.

22. The requested attorneys' fees closely approximates the actual hours worked once one considers added time reasonably anticipated to be expended during the many months still remaining in the administration of the settlement, and of course any appeals. Any additional fee amount left at that point would amount to a modest multiplier applied to the lodestar, but well within a reasonable amount. All this is indicative of the fairness of the fee request.

23. The fact that the litigation was taken on a contingent fee basis also supports the fee request.  No attorneys have received any compensation as of yet for the months of work expended in this class action.

24. The complexity of the litigation is addressed above and in the Unopposed Motion to Approve Settlement.  The requested attorneys' fees are fair.

25. Lastly, the professional skill and standing of Plaintiffs' Counsel also supports the fee request.  Plaintiffs' Counsel are peer-recognized as highly experienced attorneys in

the class action field with many years of experience in class actions, including wage and hour and class action cases.

26.   In summary, the test followed by Courts in evaluating the reasonableness of a FLSA requested fee award undoubtedly and undeniably supports the requested fee award. To award any less would be to undervalue the benefit rendered to the Class, where they were at risk of receiving no payment whatsoever, and where they advanced costs. It would be contrary to the FLSA fee-shifting provision.

27.   Pitt McGehee is also seeking reimbursement of its out-of-pocket expenses. To date, Pitt McGehee spent $402.30 litigating these matters. These costs were incidental and necessary to the prosecution of this lawsuit and include filing the complaint and photocopying charges.

28.   I have read the foregoing Unopposed Motion to Approve Settlement. I state that the contents thereof are true to the best of my knowledge, information and belief.

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

PITT McGEHEE PALMER BONANNI & RIVERS, P.C.

By:_____
Megan A. Bonanni (P52079)
Attorney for Plaintiffs

Dated: September 23, 2021